UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BABA LODGING, LLC                                CIVIL ACTION NO. 10-cv-1750

VERSUS                                           JUDGE HICKS

WYNDHAM WORLDWIDE                                MAGISTRATE JUDGE HORNSBY
OPERATIONS, INC., ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Baba Lodging, LLC ("Baba") filed suit in state court against six defendants. The case was removed based on diversity jurisdiction. Baba did not file evidence of timely service on four of the individual defendants, so the court issued a notice of intent to dismiss them pursuant to Local Rule 41.3. See also F.R.C.P. 4(m). The notice permitted the filing of a motion for extension of time if there was good cause to excuse the failure. Doc. 34. Baba responded with a Motion for Extension of Time to Effect Service (Doc. 36), which asked for additional time to serve two of the defendants and for the court to "confirm" that service had been made on the other two defendants at issue. Defendants opposed the motion.

The undersigned issued a Memorandum Ruling (Doc. 45) that refused to confirm service on any defendant but did grant an extension of time until August 8, 2011 for any efforts at service to be completed. That deadline has passed, and Baba has not filed any additional evidence of service. Accordingly, and for the reasons that follow, it is

recommended that all claims against Tara Posey, Judy Free, Ryan Murphy, and Joey Garcia be dismissed without prejudice.

**Rule 4(m) Requirement**

Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." This case was removed on November 22, 2010, more than 265 days ago. The last day for Baba to make timely service, absent the extension of time, was March 22, 2011.[1]

**Tara Posey and Judy Free**

Baba earlier filed evidence that it made timely but unsuccessful efforts to serve Tara Posey in Texas by long-arm service in December 2010. Baba also earlier filed evidence that a Louisiana sheriff attempted to serve Judy Free in October 2010, but the sheriff's return said that a neighbor reported Ms. Free had moved from that address. Baba did not represent to the court in its motion for extension of time that any additional efforts at service had been made or that any investigation has been conducted in an effort to learn a current address at which to serve these two defendants.

---

[1] In removed cases, the Rule 4(m) time period starts to run upon removal, not the date the state court petition was filed. Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010); Stinson v. Louisiana, 2007 WL 4224227 *1 (W.D. La. 2007); 4B Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil § 1137 (3d ed.).

The undersigned wrote that Baba probably had not demonstrated good cause, but the court nonetheless exercised its discretion to grant Baba a 30-day extension until August 8, 2011 to file evidence of service on Tara Posey and Judy Free, with the warning, "No further extensions will be granted." Baba made no additional filings regarding service on these defendants. Accordingly, all claims against these two defendants should be dismissed without prejudice.

**Ryan Murphy**

Baba mailed a certified copy of the petition to Ryan Murphy, who is alleged to be domiciled in Canada, at his place of employment in Canada. Baba asked the court to confirm that this was valid service, but Baba cited no authority for such a confirmation procedure. Defendants challenged the proposed confirmation procedure and the validity of the purported service. They pointed out that service on a Canadian citizen must be made in accordance with procedures authorized by the Hague Convention.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir.1990). Baba did not explain how its purported service on Mr. Murphy was valid under the Hague Convention or otherwise, and Baba has filed no evidence of any additional efforts to serve Mr. Murphy. Accordingly, Baba did not meet its burden, and all claims against Mr. Murphy should be dismissed without prejudice.

**Joey Garcia**

Baba previously asked the court to confirm the validity of Baba's attempted service on defendant Joey Garcia. Baba presented only a certified mail "green card" receipt that indicated some unknown item of mail was sent to Mr. Garcia at his workplace in Florida. Assuming the propriety of the proposed confirmation procedure, the court refused to confirm that the simple offering established valid service.

Baba was told that if it believed it had effected good service on Mr. Garcia and could establish a basis for the exercise of personal jurisdiction over him, Baba should request entry of default and follow it with a motion for default judgment. The court advised Baba that if it was not confident its effort at service on Garcia was valid, it could try again and file evidence of such service by August 8, 2011. The court warned: "Failure to file evidence of a second attempt at service or request entry of default by August 8 may result in all claims against Garcia being dismissed without further notice." Baba did not file additional evidence of service or request entry of default. All claims against Joey Garcia should be dismissed without prejudice.

Accordingly,

IT IS RECOMMENDED that all claims against Tara Posey, Judy Free, Ryan Murphy, and Joey Garcia be dismissed without prejudice for failure to make timely service.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of August, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE