# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

BABA LODGING, LLC                                    CIVIL ACTION 10-1750

VERSUS                                                        JUDGE S. MAURICE HICKS, JR.

WYNDHAM WORLDWIDE                       MAGISTRATE JUDGE HORNSBY
OPERATIONS, INC., ET AL.

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Pursuant to Rule 12(c) (Record Document 39) filed by Defendant Wyndham Worldwide Operations, Inc. ("WWO").  Specifically, WWO moves the Court to dismiss all claims against it because Plaintiff BABA Lodging, Inc. ("BABA") has not alleged, and cannot allege, that it is a business competitor or individual consumer under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1405 *et seq.* ("LUTPA").  See id.  BABA opposed the motion, arguing that it has stated a claim against WWO under the LUTPA and negligence theories.  See Record Document 49.  For the reasons which follow, the Motion to Dismiss is **GRANTED**.

## I.      BACKGROUND.

BABA owns and operates a hotel at 1984 Airline Drive, Bossier City, Louisiana that operated as a Howard Johnson from March 13, 2008 to October 1, 2010.  See Petition (Record Document 1-1) at ¶2.  BABA alleges that WWO, a foreign corporation who handles all hotel operating systems for Howard Johnson hotels, directed BABA to install the software of Brilliant Hotelsoftware, Inc. ("Brilliant"), a co-defendant in this matter, as BABA's hotel operating system in July 2008.  See id. at ¶¶ 1, 3.  BABA contends that WWO and Brilliant operate a joint venture in the hotel operating system software business and further alleges that WWO uses its influence over its subsidiaries to compel the use of Brilliant's

product and technicians.  <u>See id.</u> at ¶4.

BABA claims that WWO had various of its employees, along with other individuals, manipulate BABA's hotel operating software to make BABA overpay certain franchise fees, pay fees not otherwise owed, divert customers to other hotels, and improperly show clean rooms as dirty ones, and thus unavailable to guests.  <u>See id.</u> at ¶¶ 6-10.  BABA contends that these actions caused loss of revenue and patrons and constituted unfair trade practices in violation of the LUPTA.  <u>See id.</u> at ¶¶ 11, 12.  In its answer, WWO denied these allegations.  <u>See</u> Record Document 4.  WWO has now filed the instant motion seeking dismissal pursuant to Rule 12(c) for BABA's failure to state a claim.  <u>See</u> Record Document 39.

## II.    LAW AND ANALYSIS.

### A.    Rule 12(c) Standard.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial–a party may move for judgment on the pleadings."  F.R.C.P. 12(c).  "Once a responsive pleading has been filed, a motion to dismiss for failure to state a claim should properly be filed as a motion for judgment on the pleadings."  <u>In re Enron Corp. Securities, Derivative & "ERISA" Litigation</u>, 439 F.Supp.2d 692, 695 -696 (S.D.Tex. 2006) citing <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir.1999) (per curiam).

In assessing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff.  <u>See</u> <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir.2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need

detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964–65 (2007).

**B.    LUTPA.**

Section 1409(A) of the LUTPA provides, in pertinent part:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

La. R.S. 51:1409(A).  Notwithstanding what appears to be inclusive language, the Fifth Circuit has consistently held that the right to bring a claim under the LUPTA belongs only to individual consumers and business competitors.  See Turbos de Acero de Mexico, S.A. v. American International Investment Corp., 292 F.3d 471, 480 (5th Cir. 2002).

WWO has moved for dismissal of BABA's LUTPA claims, arguing that BABA has failed to state a claim against WWO under the requirements of the LUTPA.  More specifically, WWO argued:

> First, BABA does not allege that it manufactures or operates hotel operating systems in competition with WWO.  Second, BABA does not allege it is an individual consumer, but rather acknowledges that it "owns and operates a hotel."  [Petition, ¶ 2].  It is well established in the Fifth Circuit that LUTPA claims may be advanced only by business competitors or individual consumers.  See, e.g., Turbos de Acero de Mexico, S.A. v. American Int'l Inv. Corp., 292 F.3d 471, 480 (5th Cir. 2002); Orthopedic & Sports Injury Clinic v. Wang Labs., Inc., 922 F.2d 220, 226-27 (5th Cir. 1991); Central Healthcare Servs., Inc. v. Eterna Petersburg, Inc., 2004 WL 1823036 at *2 (E.D. La.); Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co., 2009 WL 152537 (E.D.La. Jan. 21, 2009); Washington Mut. Bank v. Monticello, 976 So.2d 251, 258 (La. App. 3d Cir. 2008).  BABA has not alleged any facts to support or establish that it is either a business competitor or an individual consumer

under LUTPA and thus the Petition should be dismissed for failure to state
a claim and for lack of standing.

Record Document 39-1 at 5.[1]   The Court must first determine if BABA and WWO are

business competitors.   If the analysis reveals that BABA and WWO are not business

competitors, then the Court will move on to consider the scope of LUTPA standing.

### 1.    Business Competitors.

"To be considered a business competitor, the plaintiff must establish [it] engages in

business that competes directly or indirectly with the defendant as a business competitor."

Washington Mut. Bank v. Monticello, 2007-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251,

258.  Here, the Court notes that BABA has failed to offer factual support for a claim that it

manufactures or operates hotel operating systems in competition with WWO.

Instead, relying upon Morris v. Rental Tools, Inc., 435 So.2d 528, 532 (La.App. 5

Cir.1983) and Jefferson v. Chevron U.S.A., Inc., 98-0254 (La.App. 4 Cir. 5/20/98), 713

So.2d 785, 792-793, BABA contends it has established that WWO is a business competitor

and conspirator because of WWO's alleged unilateral benefit at the expense of hotel

owners such as BABA.   See Record Document 49 at 3-5.   More specifically, BABA

contends that WWO is a business competitor for the following reasons:

> The practices of [WWO] are deceptive, misleading, and they allow [WWO] to
> **_unfairly compete_** with the plaintiff by diverting patrons of plaintiff's
> establishment to other franchisees affiliated with [WWO] by gathering the
> personal information of plaintiff's patrons and discounting rates at other
> locations surrounding plaintiff's hotel all to the detriment of plaintiff.

---

[1]In its opposition, BABA argues that "[WWO] has established itself as a business
competitor."  Record Document 49 at 5.  BABA does not contend that it is an individual
consumer; therefore, the Court will assume any such argument is abandoned and will not
address the individual consumer issue.

. . .

> [BABA] has demonstrated [WWO's] status **as a business competitor and
> conspirator** because [WWO] has set itself up to benefit unilaterally at the
> expense of hotel owners, such as the plaintiff, who are the franchisees of
> subsidiary corporations of [WWO].

Id. at 4-5.  The Court finds this reasoning to be unpersuasive.

In Morris, the defendants argued that plaintiff lacked standing under the LUTPA as
he was not actually competing against them.  Morris, 435 So.2d at 532.  Conversely, the
plaintiff claimed he was both an actual business competitor, as well as a potential
competitor.  See id.  The appellate court held that the plaintiff had standing as a business
competitor because he had been preparing to compete with defendants in the leasing of
oilfield service equipment and the parties' non-compete agreement expressly contemplated
that plaintiff was a potential competitor.  See id. at 532-533. The appellate court further
noted that "the trader whose methods are assailed as unfair must have present or potential
rivals in trade whose business will be, or is likely to be, lessened or otherwise injured."  Id.
at 533.

In Jefferson, the plaintiffs were individual service station owners/dealers that
purchased gasoline and diesel fuel from Chevron.  See Jefferson, 713 So.2d at 787-788.
As to their claim against Chevron, the plaintiffs maintained that "Chevron arbitrarily
manipulate[d] the price of the fuel it sold to [them]" and prohibited them from purchasing
fuel at lower prices, giving Chevron a competitive advantage at its own co-op stations.  Id.
at 788.  It does not appear that the Jefferson court focused on standing; however, the court
did note that there is a private right of action under the LUTPA for business competitors,
"such as the plaintiff dealers in this case."  Id. at 792.  A review of the court's LUTPA

analysis reveals that the plaintiffs clearly had standing under LUTPA because Chevron "[sold] fuels directly to the public through its company operated stations which also compete with plaintiffs." Id. at 791.  The focus of the analysis was not Chevron's alleged unfair and deceptive conduct, but rather that the plaintiffs and Chevron were in the same type of business and in competition with each other.  See id. at 793.

Neither Morris nor Jefferson supports BABA's contention that it and WWO are business competitors under the LUTPA.   As to the standard set forth in Morris, BABA has not plead that it is either a present or potential rival in trade, i.e., a competitor, with WWO. BABA's reliance on Jefferson is likewise misplaced.  BABA contends that WWO's alleged conduct diverted patrons to other hotel franchises somehow affiliated with WWO.  Under Jefferson, the business competitors in such a scenario would be BABA and the other hotels, not BABA and WWO.  Therefore, the Court finds that BABA and WWO are not business competitors under the LUTPA.

## 2.    Standing.

BABA further relies upon Cheramie Services, Inc. vs. Shell Deepwater Production, Inc., 2009-1633 (La. 4/23/10), 35 So. 3d 1053, and argues that the Louisiana Supreme Court has now ruled against limiting LUTPA standing.  In Cheramie, a plurality opinion, the Louisiana Supreme Court held:

> Based on the language of the statute [the LUPTA], which does not contain a clear, unequivocal and affirmative expression that the private right of action provided in LSA–R.S. 51:1409(A) extends only to business competitors and consumers, LUTPA does not exclude other persons who assert a "loss of money or . . . property . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice."  Contrary holdings are hereby repudiated, because any limitation must be contained in the language of the statute.

Id. at 1058.  However, the portion of the opinion concerning LUPTA standing was joined by only three out of seven justices.[2]  Cheramie, therefore, does not represent a holding of the majority of the Louisiana Supreme Court and does not have binding effect on Louisiana state courts or this Court.  See Chaney v. Travelers Ins. Co., 249 So.2d 181, 184 (La. 1971) (appellate court erred in considering itself bound by a plurality opinion of the Louisiana Supreme Court); Citizen Committee for Better Law Enforcement v. City of Lafayette, 95-1630 (La.App. 3 Cir. 11/20/96), 685 So.2d 289, 293 ("Nevertheless, Alliance was a plurality opinion, with three judges dissenting and one concurring.  Justice Johnson in her concurrence stated that she did not agree with the plurality opinion finding standing in favor of the plaintiffs.  As a result, the holding of the plurality opinion is of little value as precedent and should properly be limited to the facts of that case only.").

As non-binding precedent, it appears to the undersigned that Cheramie does not change the state of the law concerning standing under the LUPTA.  Moreover, in the absence of a majority opinion of the Louisiana Supreme Court definitively interpreting standing under LUPTA, the Court will follow the binding Fifth Circuit holding in Turbos, 292 F.3d at 480, and dismiss BABA's claims under the LUPTA for lack of standing.[3]

---

[2]Justice Kimball did not participate.  See Cheramie, 35 So.3d at 1054 n. 1.  Justice Knoll concurred in the result only.  See id. at 1065.  Justice Guidry stated that the standing discussion was dicta.  See id.  Justice Johnson expressly disagreed with the standing discussion.  See id. at 1063-1065.

[3]This Court is aware of the opinion in Home Builders Ass'n of Northwest Louisiana v. Martin, No. 09-1679, 2010 WL 5109987 (W.D. La. 12/8/10), a case where the parties consented to trial before a United States Magistrate Judge.  This Court notes that the Magistrate Judge did not discuss the precedential value of Cheramie in his ruling, as all parties conceded in briefing that Cheramie changed the law.  Therefore, the instant matter is distinguishable because WWO specifically argued that "Cheramie Services is a plurality opinion and therefore not precedential authority on the LUTPA standing issue."  Record

**C.      Negligence.**

WWO's Rule 12(c) motion focused on LUTPA; however, in its opposition brief, BABA argues that "[p]lain and simple, [it] has stated a claim against the defendants for their negligence and has demonstrated how it was damaged as a result thereof."   Record Document 49 at 2.  Throughout the opposition, BABA continues to maintain that its "petition states a claim at minimum under the theory of negligence" and has stated several claims against WWO "under theories of negligence, gross negligence, and intentional actions." Id. at 3, 5.

The Court's review of the Petition reveals that BABA's factual allegations do not raise a right to relief under negligence theories above the speculative level.  See Cuvillier v. Taylor, 503 F.3d at 401.  Federal Rule of Civil Procedure 8(a)(2) provides:

(a)      A pleading that states a claim for relief must contain:

(2)      a short and plain statement of the claim showing that the pleader is entitled to relief.

F.R.C.P. 8(a)(2).  Under Rule 8(a), BABA "must do more than name laws that may have been violated by [WWO], it must also allege facts regarding what conduct violated those laws."  Anderson v. U.S. Dept. of Housing and Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008).

BABA's petition does not contain the word "negligence" or any reference to failure to exercise reasonable care.  Moreover, BABA has failed to plead any of the basic requirements of Louisiana's duty-risk analysis:  "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to

Document 39-1 at 7.

conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damage element)." Carpenter v. Foremost Signature Ins. Co., --- So.3d ----, 2012 WL 638068, *3  (La.App. 2 Cir. 2/29/12).  BABA failed in both its Petition and its opposition to articulate WWO's duty and/or what actions on the part of WWO constituted a breach of that duty.  Therefore, the Rule 12(c) motion is **GRANTED** as to and purported negligence claims/theories.

## III.   CONCLUSION.

Based on the foregoing analysis, WWO's Motion to Dismiss is **GRANTED**, as BABA has no standing under the LUTPA and has failed to state a negligence claim.  Accordingly, all claims against WWO are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of March, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE